GONZÁLEZ, PLAINTIFF AND APPELLEE, *v.* ORTIZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action for Redemption.

No. 2168.—Decided July 23, 1920.

REDEMPTION—ADJOINING OWNER—RURAL PROPERTY.—If a parcel of land is principally used for agricultural purposes and is not within the limits of an urban district, it does not lose the character of rural property merely because a railroad track has been laid thereon for the transportation of stone; and the defendant not coming under subdivision 2 of section 1426 of the Civil Code, he cannot oppose an action for the redemption of said parcel of land, whose area does not exceed one hectare, brought by an adjoining owner, although, as he alleges, the property had been sold to him in order that he might continue the business of transporting stone.

The facts are stated in the opinion.
*Mr. C. Travecier* for the appellant.
*Mr. A. Aponte, Jr.,* for the appellee.
MR. JUSTICE WOLF delivered the opinion of the court.
There is no dispute over the facts in this case. It was

a suit to obtain a legal redemption of a piece of land adjacent to the land of complainant. Section 1426 of the Civil Code provides:

"Section 1426.—The owners of the adjacent lands shall also have the right of redemption when the sale of a rural estate is involved the area of which does not exceed one hectare.

"The right referred to in the preceding paragraph is not applicable to adjacent lands which are divided by brooks, drains, ravines, roads, and other apparent easements for the benefit of other estates.

"If two or more adjacent owners should make use of the redemption at the same time, the one who is the owner of the adjacent land of lesser area shall be preferred; and, should both be equal in area, the person who first requested it."

The strip of property in question, adjacent to the land of the complainant, has an area which does not exceed one hectare, and was sold to the defendant within nine days before the filing of the complaint. The first question is whether or not the said strip should be considered a rural estate. The land of the complainant is described as follows:

"Rural property situated in the wards of Santiago and Lima of the municipal district of Naguabo, composed of twenty *cuerdas*, bounded on the north by lands of Fernando González; on the east by Alejandro Dávila; on the south by Vicente Serra, and on the west by the road leading from Naguabo to Fajardo. This property is divided from east to west by a parcel of land crossing it from one side to the other which shall be mentioned hereinafter."

That of the defendant is as follows:

"Rural property in the wards of Santiago and Lima, composed of two *cuerdas*, equivalent to 78 ares and centares, bounded on the east by said Alejandro Dávila; on the west by the road leading from Naguabo to Fajardo, and on the north and south by the main property from which it was segregated which is the property of the complainant herein."

There is no question that the land of the complainant is entirely rural, dedicated to farming purposes and remote

from the town of Naguabo, and it is admitted that the strip of the defendant could be and is used for the same purposes and also lies out of the town limits. The land of the defendant, however, was connected with a quarry and a railroad was built on it some years ago to carry stone from the said quarry to the high road. The owner immediately previous to the defendant built the said railroad to give himself an exit from his quarry to the road. There is no question of this defendant needing the land for access to other land owned by him. It was merely sold to him outright by the former owner. The defendant-appellant, however, does maintain that the placing of a railroad on the strip of land converted it from a rural to an industrial property. The court below, after reciting the foregoing facts, held that the only division of lands known to the Civil Code is that of urban and rural property. We agree to this conclusion. It is clear that the strip of land of the defendant can be and is being used for agricultural purposes in much the same way as the land of the complainant. It is in no sense city property. While the said land was sold to the defendant to enable him to go on with the stone business, the understanding between the former owner and the defendant can not affect the legal right of complainant under section 1426. The appellant also cites several decisions of the Supreme Court of Spain. One of these decisions is given as of the 18th of July, 1903, but we do not find it in the *Jurisprudencia Civil* on that date. The decision cited of November 26, 1895, is missing from the library, but we have examined the decision of March 12, 1902. Therein it appears that the land was in that case clearly within an urban zone, a very populous one according to the judgment, and the fact that it was dedicated to agricultural purposes or a garden made no difference. We have not seen the case where, as maintained by the appellant, the Supreme Court of Spain held that a piece of land far from a town dedicated to the sale of mineral

waters loses its rustic character, but we are satisfied from the one decision which we have been able to examine that if a piece of land, as here, is being used principally for agricultural purposes and is not within the limits of a genuine urban district, the said piece does not lose its said character of rural property merely because a railroad has been placed on it for commercial purposes.

The appellant also maintains that by reason of his contract with the former owner and the existence of the railroad he has acquired some rights. He does not come under the second paragraph of section 1426 because the said strip is not divided by a brook, ravine or easement for the benefit of another estate. Defendant is in no sense the owner of a dominant tenement and can not claim a servitude over the land as against the complainant, even if such a question could properly be raised in a suit for legal redemption. The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.